UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIA MARIE BALSAMO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 21 C 6672 |
| | ) | |
| ERIN M. SCHICHT and BODHI COUNSELING, LLC, | ) | Judge Charles P. Kocoras |
| | ) | |
| Defendant. | ) | |
| | ) | |
| ERIN M. SCHICHT, | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIA MARIE BALSAMO, | ) | |
| | ) | |
| Counter-Defendant. | ) | |

## ORDER

Plaintiff/Counter-Defendant Tia Marie Balsamo's Motion to Dismiss Count I of Defendant/Counter-Plaintiff Erin M. Schicht's Amended Counterclaim under Federal Rule of Civil Procedure 12(b)(6) is denied. See Statement for details.

## STATEMENT

The following facts are taken from the Amended Counterclaim and are assumed true for purposes of this motion. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66

(7th Cir. 2013). All reasonable inferences are drawn in Schicht's favor. *League of Women Voters of Chi. v. City of Chi.*, 757 F.3d 722, 724 (7th Cir. 2014).

Schicht is an Illinois Licensed Clinical Professional Counselor who provides psychotherapy services to patients in Illinois. Schicht's former patient, Heather Williams Balsamo ("Williams"), is Balsamo's wife. Schicht provided three counseling sessions to Williams on December 17, 2020, December 22, 2020, and December 29, 2020. On or about December 30, 2020, Schicht terminated the psychotherapist-patient relationship with Williams and referred her to other licensed therapists. No sexual relationship existed between Schicht and Williams at any time before or during December 2020, including the time period within which Williams was Schicht's patient. Schicht never provided psychotherapy to Balsamo, nor has she ever met or communicated with Balsamo.

Between March and April 2021, Balsamo forced Williams to falsify allegations of sexual and professional misconduct against Schicht. On or about April 21, 2021, Williams fled from Balsamo, fearing for her safety and wellbeing. Williams filed for divorce on May 3, 2021, citing irreconcilable differences as the grounds for causing the irretrievable and irreversible breakdown of the marriage.

On numerous occasions between March 2021 and May 2022, Balsamo told Williams that she intended to cause Schicht emotional distress and that she would institute whatever action necessary, legal or otherwise, to drain Schicht of financial

resources and ruin her professional career. Between March 2021 through the present, Balsamo made defamatory statements to neighbors and Williams' parents.

Between March 2021 and December 2021, Balsamo stated to Williams and others that she hired a private investigator to follow both Williams and Schicht, thereby collecting pictures and/or videos of Schicht's private life. Balsamo also told Williams on numerous occasions between March 2021 and May 2022 that the hiring of the private investigator was for the purpose of causing Schicht severe emotional distress.

Based on the above, Schicht filed a two-count Amended Counterclaim against Balsamo, alleging defamation *per se* and intrusion upon seclusion. Balsamo moves to dismiss Schicht's defamation *per se* claim under Rule 12(b)(6) for failure to state a claim.

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The Court accepts as true well-pled facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Balsamo's only complaint with respect to Schicht's defamation *per se* claim is that Schicht did not provide the exact dates of any of the alleged defamatory comments. Because of this, Balsamo asks the Court to either dismiss Count I or require a more definite statement under Rule 12(e).

The Court finds the Amended Counterclaim adequately apprises Balsamo of the general substance of the allegedly defamatory statements and puts Balsamo on notice of to whom the statements were made. Schicht also provides a general timeframe for when the statements were made. Thus, the Court declines to dismiss Count I.

Whether to grant Balsamo's request for a more definite statement, however, is a closer call. In the end, though, the Court finds a more definite statement is not necessary at this juncture. Discovery is available for Balsamo to find out the context of the alleged defamatory statements.

## CONCLUSION

For the foregoing reasons, Plaintiff/Counter-Defendant's Motion Dismiss [87] is denied. It is so ordered.

Dated: November 8, 2022

_____
Charles P. Kocoras
United States District Judge